IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE TECZA, individually and derivatively on behalf of PREMIER PEST CONTROL, LLC, | ) ) ) ) | No. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JASON KEHREN; ZACHERY KEHREN; and PREMIER PEST CONTROL SOLUTIONS, LLC, | ) ) ) ) | |
| Defendants. | ) | |

---

## COMPLAINT IN CIVIL ACTION

---

NOW COMES Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC., by and through his attorneys Steven P. Engel, Esquire, Brian D. Catanzarite, Esquire, Jason J. Kelley, Esquire, and MBM Law, and files this Complaint against Defendants, Jason Kehren, Zachery Kehren, and Premier Pest Control Solutions, LLC, and in support thereof avers as follows:

### **PARTIES**

1.     Plaintiff, Bruce Tecza ("Plaintiff" or "Plaintiff Tecza"), is an adult individual residing at 3441 Beethoven Street, Pittsburgh Pennsylvania, and is the sole remaining Member of Premier Pest Control, LLC.

2.     Plaintiff brings this action individually to vindicate his personal contractual and statutory rights as a member of Premier Pest Control, LLC ("PPC" or the "Company"), and derivatively on behalf of PPC to redress injuries suffered by the Company.

3.     Premier Pest Control, LLC ("PPC" or the "Company") is a Pennsylvania limited liability company formed on December 5, 2012, with its registered office located at 3108 Brerton Avenue, Pittsburgh, Pennsylvania 15219.

4.     Defendant Jason Kehren ("Jason") is an adult individual residing at 226 Magazine Street, Apartment 1, Carnegie, Pennsylvania 15106. Before the events giving rise to this action, Jason was a Member of PPC, who held a fifty percent (50%) ownership interest in the Company.

5.     Defendant Zachery Kehren ("Zachery") is an adult individual residing at 85 Locust Street, McKees Rocks, Pennsylvania 15136, and is the son of Defendant Jason Kehren.

6.     Defendant Premier Pest Control Solutions, LLC ("PPCS") is a Pennsylvania limited liability company that was formed on September 15, 2025, with its principal place of business located at 226 Magazine Street, Apartment 1, Carnegie, Pennsylvania 15106. (Collectively, Jason, Zachery, and PPCS shall be referred to herein as the "Defendants").

## **VENUE AND JURISDICTION**

7.     Venue is proper in the United States District for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2), because the events and transactions giving rise to the claims occurred in whole or in part in the Western District of Pennsylvania.

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action and all or part of the claims involve federal questions or arise under the Constitution, the law or treaties of the United States or an Act of Congress regulating

419750
,14018.2

trade or protecting commerce, including the Lanham Act, 15 U.S.C. § 1051 et seq., and the Federal Defend Trade Secret Act, 18 U.S.C. § 1831, et seq.

9.     This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367, because Plaintiff's related state law claims and/or claims under Pennsylvania common law form part of the same case or controversy.

10.     Plaintiff brings derivative claims pursuant to 15 Pa. C.S. § 8882. Demand on the Company is excused as futile, because: (1) Defendant Jason Kehren was a 50% owner of the Company and the primary wrongdoer at all times relevant to the matters set forth in this Complaint and cannot impartially consider a demand;  (2) Defendant Jason Kehren controls PPC's books and records; and (3) immediate and irreparable harm to the limited liability company shall otherwise result due to the actions of Defendant Jason Kehren as stated further herein.

## **FACTUAL BACKGROUND**

### *Formation and Structure of PPC*

11.     PPC was formed on December 5, 2012 as a Pennsylvania limited liability company engaged in the business of pest control services.

12.     At the time of the formation of PPC, the Company was owned by three members: Plaintiff Tecza, who owned a 33 1/3% ownership interest in the Company; Defendant Jason Kehren, who owned a 33 1/3% ownership interest in the Company; and Mario Perry who owned a 33 1/3% ownership interest in the Company.

13.     At the time of formation, the members made capital contributions as follows: (1) Plaintiff Tecza contributed $25,000.00; (2) Mario Perry contributed $25,000.00; and (3) Defendant Jason Kehren contributed sweat equity, due to the fact that he had lacked sufficient funds to make a capital contribution towards the business.

419750
,14018.2

14.     On or about March 4, 2015, Mario Perry was ejected as a member of the Company.

15.     At the time of Mario Perry's ejection, Plaintiff Tecza and Defendant Kehren became co-equal 50% members of PPC.

16.     Throughout their period as co-equal 50% members, Plaintiff Tecza and Defendant Kehren divided day-to-day service responsibilities based on geographic convenience, with Defendant Kehren generally servicing customers located south of the Liberty Tunnel (the "Tunnel") and Plaintiff Tecza servicing customers located north of the Tunnel.

17.     This division of labor was implemented solely for operational efficiency and customer-service convenience.

18.     At no time did the members of PPC agree, expressly or implicitly, that any portion of PPC's customer base was individually owned by either member or that customer relationships belonged to anyone other than the Company.

19.     As of the current date, PPC has in excess of 300 customers.

### *The Operating Agreement*

20.     PPC is governed by an Operating Agreement dated December 5, 2013 (the "Agreement"). A true and correct copy of the Operating Agreement is attached hereto and incorporated herein by reference as **Exhibit "1"**.

21.     Under the Agreement, PPC is a member-managed company, with each member voting according to percentage of ownership interest.

22.     Notably, Section 14 of the Agreement contains a non-competition covenant applicable for two years following dissociation.

419750
,14018.2

23.    In addition, Section 7(f) of the Agreement provides that, upon dissociation of any member, that member would not be paid for their membership interests

24.    The Agreement also contains a conflict-of-interest provision at Section 13 prohibiting members from engaging in competing activities or diverting Company opportunities.

25.    Additionally, Sections 10 and 16(a) of the Operating Agreement requires that all distributions, except for mandatory tax distributions, of Company funds be made on majority approval by the members.

<u>Disputes</u>

26.    It has been Plaintiff's lifelong endeavor to build Premier Pest Control, LLC into a profitable company with a good reputation in the community for pest control services.

27.    In September of 2024, Plaintiff Tecza was diagnosed with a heart-related medical condition that required Plaintiff Tecza to undergo surgery.

28.    Subsequent to that diagnosis, but prior to surgery, Plaintiff Tecza sought to have the value of PPC roughly evaluated by the Company's accountant.

29.    Based on the accountant's cursory evaluation, it was initially determined that PPC was valued at $180,000.00.

30.    In March of 2025, Plaintiff Tecza offered to sell his interest in PPC to Defendant Jason Kehren for $200,000.00 if Plaintiff Tecza was unable to work after the surgery but made clear that Plaintiff Tecza's intention was to work for an additional two years following a successful surgery.

31.    Defendant Jason Kehren dismissed the proposal claiming that: (1) nobody would pay that price for Plaintiff Tecza's portion of the business; and (2) most of the business was on Jason's side.

419750
,14018.2

32.    Plaintiff Tecza corrected Defendant Jason Kehren, stating that all of the business belonged to PPC of which they were co-equal Members.

33.    Plaintiff Tecza also informed Defendant Jason Kehren that Plaintiff Tecza's son-in-law was interested in purchasing Plaintiff Tecza's interest in PPC for $200,000.00 to which Defendant Jason Kehren replied negatively about involving more partners.

34.    A neutral financial evaluation of PPC was then conducted by Brentwood Growth, a company with expertise in evaluating pest control companies.

35.    The evaluation of PPC by Brentwood Growth valued the company at approximately $430,000.00.

36.    After Plaintiff Tecza's successful surgery in April of 2025, Defendant Jason Kehren, by and through his counsel, began pushing Plaintiff Tecza to provide an exit strategy and a price to buy out Plaintiff Tecza's share of the Company.

37.    On June 18, 2025, Plaintiff Tecza offered to sell his share of the company to Defendant Jason Kehren for $350,000.00, giving Defendant Jason Kehren 15 days to accept the offer.

38.    On July 14, 2025, having not reached an agreement for sale, Plaintiff Tecza revoked his offer.

39.    Following revocation of the offer, Defendant Jason Kehren began to treat the separate service areas as separate companies and hired his son, Defendant Zachery Kehren, as a PPC employee to assist with customer service calls, despite a slow-down in business.

40.    With no access to the Kehren-Controlled PPC Records, Plaintiff Tecza was forced to rely on Defendant Jason Kehren relaying information pertaining to new customers, customer service calls, invoices and payments.

419750
,14018.2

41.     In correspondence by and through his attorney from April of 2025 through November 2025, Defendant Jason Kehren repeatedly advised that he would pursue mediation or arbitration if a resolution could not be reached where Defendant Jason Kehren bought out Plaintiff Tecza's shares.

42.     On November 10, 2025, Defendant Jason Kehren by and through his attorney indicated a willingness to proceed with formal dissolution of the Company per the terms of the Operating Agreement with the goal of completing dissolution at the conclusion of the 2025 tax year.

43.     Because PPC was a fully operational and profitable business, Plaintiff Tecza refused a liquidation.

44.     In a letter dated December 15, 2025, Plaintiff Tecza by and through his previous counsel in this matter, declined Defendant Jason Kehren's request for formal dissolution and again offered to sell his share in PPC to Defendant Jason Kehren for the price of $350,000.00.

45.     No counteroffer to Plaintiff's sale price was reduced to writing on behalf of Defendant Jason Kehren.

46.     Throughout this process, no final agreement for the sale of Plaintiff Tecza's interests in PPC were ever agreed upon.

*Formation of Competing Entity and Diversion of PPC Customers*

47.     On or about September 15, 2025, Defendant Jason Kehren and, his son, Defendant Zachery Kehren, formed Premier Pest Control *Solutions*, LLC ("PPCS"), a competing pest control business without the knowledge or consent of Plaintiff Tecza.

419750
,14018.2

7

48.     Then, on December 16, 2025, Defendants sent a letter, on behalf of all three Defendants, to numerous PPC customers, falsely representing that PPC had dissolved and that PPCS was the proper successor or continuation of PPC. A true and correct copy of the December 16, 2025 letter is attached hereto and incorporated herein by reference as **Exhibit "2"**.

49.     The letter drafted by Defendant PPCS brazenly utilized PPC's letterhead, logo, branding, and trade name in communications promoting PPCS.

50.     Defendants are continuing to contact PPC customers on a daily basis and are offering lower pricing than PPC charges.

51.     Defendants are in possession of the records relevant to the service area that Defendant Kehren had serviced on behalf of PPC.

52.     In so conducting their new competitive business, Defendants are relying on confidential and proprietary information of PPC, including lists of the PPC customers, PPC pricing, and PPC services, with unique knowledge on how to undercut the prices that are charged by PPC.

53.     In so forming the new business PPCS and in using the confidential and proprietary information of PPC to contact its customer to solicit business from them for his new business, Defendant Jason Kehren is blatantly disregarding the restrictive covenant-not-to-compete and the conflict of interest policy set forth in the Agreement.

54.     Defendants' conduct caused confusion among PPC customers and is resulting in regular and frequent diversion of business, goodwill, and revenue to PPCS, along with significant diminution of value of PPC.

<u>*Complete Dissociation*</u>

419750
,14018.2

55.     On December 31, 2025, after creating his new competitive company and soliciting PPC customers on its behalf, Defendant Jason Kehren, by way of his counsel, drafted a letter to Plaintiff Tecza informing Plaintiff Tecza that Jason was fully and completely dissociating from the business as a result of their disputes over management of the Company. A true and correct copy of the December 31, 2025 letter is attached hereto and incorporated herein by reference as **Exhibit "3"**.

56.     In violation of the Operating Agreement and Pennsylvania law, Defendant Jason Kehren informed Plaintiff Tecza that it was Jason's intention to retain and service "his customers" and that whether or not Jason assumed possession of the Company truck "as part of the separation of assets" would be up to Mr. Tecza.

57.     Under the express terms of Section 7(f) of the Operating Agreement, Jason's express dissociation as a member forfeit any entitlement or right that he previously held to payment of market value for his interests in the Company.

*Jason Kehren's Exclusive Control Over PPC's Books, Records, and Communications*

58.     At all relevant times, Defendant Jason Kehren maintained exclusive control over certain PPC books, records, financial accounts, customer lists, communications systems, social media and electronic data including, but not limited to, the following (the "Kehren-Controlled PPC Records"):

    a.     Access to the Company's PayPal Account
    b.     Access to the Customer Credit Card List
    c.     Access to the Company's email account
    d.     Access to the Company's Yelp marketing account
    e.     Access to the Company's website
    f.     Access to the Company's phone and voicemail system

g.   Access to the Company's employee records regarding hours paid and service stops completed.

h.   Access to the Company's computer accounting system

i.   Access to the Company's computer

59.   Despite repeated requests from Plaintiff to access the Kehren-Controlled PPC Records, Defendant Jason Kehren has refused to provide Plaintiff with access, in violation of both the Operating Agreement and 15 Pa. C.S. § 8850.

60.   Defendant Jason Kehren's refusal has prevented Plaintiff from monitoring PPC's finances, customer relationships, and business operations.

61.   Furthermore, Defendant Jason Kehren's refusal has prevented Plaintiff from properly running the company following Jason's express dissociation therefrom.

### *Unauthorized Withdrawal*

62.   Sections 10 and 16(a) of the Operating Agreement requires that all distributions of Company funds, other than mandatory tax distributions, be approved by a majority of the members.

63.   Defendant Jason Kehren was prohibited under Sections 10 and 16(a) of the Operating Agreement from unilaterally withdrawing or distributing Company funds.

64.   Despite the express prohibition under Sections 10 and 16(a) of the Operating Agreement, on or about December 31, 2025, Defendant Jason Kehren withdrew approximately $25,000.00 from PPC's accounts without notice to or approval of Plaintiff Tecza, without majority approval of the Members, and without providing any purpose or basis for the withdrawal despite requests from Plaintiff Tecza.

### *Post-Dissociation Activity*

65.   Defendant Jason Kehren's express dissociation from the Company on December 31, 2025, terminated any entitlement, right, or authorization to:

419750
,14018.2

a.      Access PPC's financial accounts or business records;

b.      Use PPC's name, marks, contact information, or business identity;

c.      Represent himself as associated with or authorized by PPC;

d.      Conduct business using PPC's assets or property;

e.      Exercise any control over PPC's operations or customer lists.

66.     Despite Defendant Jason Kehren's express dissociation on December 31, 2025, and without the approval of Plaintiff Tecza, Defendants continue to, *inter alia*:

a.      Utilize PPC's computer program to schedule and invoice customer service calls on behalf of PPCS;

b.      Utilize PPC's vehicles, including one truck prominently displaying PPC's name and logo to perform work as PPCS;

c.      Utilize PPC's website displaying reviews that specifically name Plaintiff Bruce Tecza to solicit business for PPCS;

d.      Utilize PPC's phone number and email address to communicate with existing and potential PPC customers on behalf of PPCS; and

e.      Utilize PPC's financial accounts to process customer payments.

67.     Rather than building PPCS as a wholly separate venture, Defendants have converted PPC's business infrastructure to be an extension of PPCS, which they had no legal right, authorization or entitlement to do.

## <u>COUNT I</u>

### BREACH OF OPERATING AGREEMENT

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC,*
*v. Jason Kehren.*

419750
,14018.2

68.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 67 of this Complaint as if the same were set forth more fully at length herein.

69.    On or about December 5, 2013, Plaintiff Tecza and Defendant Jason Kehren entered into the Operating Agreement and agreed to abide by the mutual promises and covenants set forth in the terms of the Agreement. A true and correct copy of the Operating Agreement is attached hereto and incorporated herein by reference as **Exhibit "1"**.

70.    Under the terms of the Agreement, Defendant Jason Kehren expressly agreed that:

   a.    he would not at any time participate in or possess an interest in any business or enterprise of any type and description which competes with or engages in the same or similar type of business of the Company . . . [n]or engage in any activity which is detrimental to the interest of the Company;

   b.    he would not become an employee, proprietor, officer, partner, shareholder, agent or independent contractor with any entity or company which engages in the same or similar type of business of the Company within the business territory of the Company, which includes the counties of Allegheny, Beaver, Butler and Washington for a period of two years after disassociation from the Company;

   c.    he would not, directly or indirectly, use for his own benefit, publish or reveal to another person any Confidential Information of the Company without prior written consent of the Company;

   d.    he would return all Confidential Information to the Company in tangible form which was in his possession or control without retaining any copies or extracts thereof; and

   e.    all distributions of Company funds, except for mandatory tax distributions, were to be made with majority approval by the members.

(*See* Exhibit "1", Sections 10, 13-15).

71.    On or about December 31, 2025, Defendant Jason Kehren informed Plaintiff Tecza and the Company by letter that he elected to dissociate from the Company. A true and correct copy

419750
,14018.2

of the December 31, 2025 letter is attached hereto and incorporated herein by reference as **Exhibit "3"**.

72.    Before and after dissociating from the Company, Defendant Jason Kehren materially breached the terms of the Agreement by:

    a.    establishing Premier Pest Control Solutions, LLC (hereinafter referred to "PPCS"), a company that provides pest control services that directly competes with PPC in the business territory where it has traditionally provided services;

    b.    by soliciting clients and customers of the Company;

    c.    by withdrawing approximately $25,000.00 from PPC's accounts on December 31, 2025, without notice to Plaintiff, without majority approval of the members and without stating the purpose of or basis for the withdrawal despite requests from Plaintiff Tecza;

    d.    by continuing to operate PPCS within the business area of the Company;

    e.    by keeping and continuing to utilize PPC assets such as the Company's website, email address, phone number, customer lists, bank accounts, and other books and records of PPC in support of his competing venture, PPCS; and

    f.    by refusing to provide all of the requested Kehren-Controlled PPC Records following numerous requests and by keeping possession of such records subsequent to dissociation.

73.    As a direct and proximate result of Defendant Jason Kehren's breaches of the Operating Agreement, Plaintiff Tecza and PPC have suffered, and will continue to suffer, substantial damages, including but not limited to lost profits, loss of customers and business opportunities, diminution in the value of the Company, impairment of the Company's reputation and goodwill, and all other consequential, incidental, and foreseeable losses arising from Defendant Kehren's wrongful conduct.

WHEREFORE, Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court issue an appropriate Order in its favor and against Defendant Jason Kehren providing the following relief:

(1) Enjoining Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv) disclosing any such confidential or proprietary information to any person, including but not limited to Defendant Zachery Kehren, Premier Pest Control Solutions, LLC, any competitor of PPC, or the general public;

(2) Enjoining Defendants, for a period of two (2) years from the date of the Court's Order, from contacting, soliciting, or servicing any current or former PPC customers;

(3) Permanently enjoining Defendants from using, accessing, retaining, or possessing any PPC books, records, customer lists, pricing information, operational data, or other confidential or proprietary materials, and ordering the immediate turnover of all such materials to Plaintiff Tecza;

419750
,14018.2

(4) Permanently enjoining Defendants from representing, directly or indirectly, that PPC is dissolving, has ceased operations, or has transferred its business, customers, or goodwill to PPCS;

(5) Permanently enjoining Defendants from using PPC's phone number, email address, website, branding, equipment, vehicles, or any other PPC assets or identifiers;

(6) Permanently enjoining Defendants from accessing, attempting to access, or otherwise exercising any control over any PPC accounts of any kind, including but not limited to: (i) all financial accounts, banking platforms, credit or debit accounts, merchant-processing systems, and payment-collection channels; (ii) all electronic or digital accounts, including email accounts, cloud-storage accounts, website administration portals, domain-registration accounts, social-media accounts, and software-as-a-service platforms; (iii) all operational systems, including scheduling software, customer-management systems, invoicing systems, and vendor-management portals; and (iv) all passwords, credentials, authentication keys, security tokens, or administrative rights associated with any PPC account or system, and ordering Defendants to immediately surrender to Plaintiff Tecza all such passwords, credentials, authentication keys, and administrative access rights;

(7) Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or

419750
,14018.2

15

efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(8)  Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(9)  Directing Defendant Jason Kehren to comply with and otherwise perform his obligations to PPC under the Agreement;

(10)  Declaring, pursuant to Section 7(f) of the Operating Agreement, that Defendant Jason Kehren forfeited any and all rights to receive payment, redemption, or value for his Membership Interest in PPC upon his dissociation, and that he holds no continuing ownership, financial, or governance rights in PPC;

(11)  Directing Defendant Jason Kehren to immediately return and deliver to PPC any and all confidential information and trade secrets of PPC currently in the possession, custody or control of Defendant Jason Kehren;

(12)  Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(13)   Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC; and

(14)   Granting such other and further equitable relief as is necessary to prevent further diminution in the value of PPC, protect PPC's intellectual property, goodwill, and customer relationships, and enforce the restrictive covenants set forth in the Agreement.

## COUNT II

### BREACH OF FIDUCIARY DUTY, 15 PA. C.S. § 8849.1

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC,*
*v. Jason Kehren.*

74.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 73 of this Complaint as if the same were set forth more fully at length herein.

75.    As of March 5, 2015, Plaintiff Tecza and Defendant Jason Kehren were equal 50% Members of PPC.

76.    Pursuant to 15 Pa. C.S. § 8849.1, while still a member, Defendant Jason Kehren owed specific fiduciary duties to PPC, including *inter alia*, a duty of loyalty, a duty to avoid self-dealing, and a duty to act in good faith for the benefit of the Company.

77.    During that time, Defendant Jason Kehren also had a duty to furnish Plaintiff Tecza, without demand, any information concerning the company's activities, affairs, financial condition

419750
,14018.2

17

and other circumstances for which he had knowledge and which was material to the proper exercise

of the members' rights and duties under the Operating Agreement. 15 Pa.C.S. § 8850.

78.    Despite his express fiduciary obligations as a member of PPC, Defendant Jason

Kehren engaged in the following acts, which violated his fiduciary duties in the Company:

      a.    On or about September 15, 2025, while still a Member with the Company, Defendant Jason Kehren established PPCS to provide pest control services in direct competition with PPC within PPC's business territory;

      b.    On December 16, 2025, Defendants sent a letter, on behalf of all three Defendants, to numerous PPC customers, falsely representing that PPCS was the proper successor or continuation of PPC. A true and correct copy of the December 16, 2025 letter is attached hereto and incorporated herein by reference as **Exhibit "2"**;

      c.    Since the establishment of PPCS, Defendant Jason Kehren has utilized and continues to utilize PPC assets in the form of vehicles, bank accounts, client lists, email addresses, the PPC website, online reviews, contact information, and branding images in the operation of PPCS;

      d.    Since the establishment of PPCS, Defendant Jason Kehren has diverted numerous customers to PPCS under the false premise that PPC had dissolved;

      e.    On or about December 31, 2025, Defendant Jason Kehren withdrew approximately $25,000.00 from PPC's accounts without notice to Plaintiff without majority approval of the Members and has not stated the purpose of or basis for the withdrawal despite requests from Plaintiff Tecza;

      f.    While a member, Defendant Jason Kehren maintained sole possession and access to the Kehren-Controlled PPC Records while refusing to furnish such information to Plaintiff Tecza despite Plaintiff Tecza requesting on multiple occasions to view the company's books or to have access to the Company's electronic records; and

      g.    Following dissociation on December 31, 2025, Defendant Jason Kehren maintains possession of the Kehren-Controlled PPC Records and refuses to submit them over to Plaintiff Tecza as sole owner of PPC.

79.    Due to the potential for immediate and irreparable harm if Defendant Jason Kehren continues to operate PPCS in competition with PPC, utilizes confidential information of PPC in the operation of PPCS, and has access to PPC bank accounts, Plaintiff Tecza and PPC are, therefore, entitled to and justice requires that this Honorable Court enter orders:

 a. Temporarily restraining and enjoining: (a) Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv) disclosing any such confidential or proprietary information to any person, including but not limited to Defendant Zachery Kehren, Premier Pest Control Solutions, LLC, any competitor of PPC, or the general public, pending a hearing and the determination on Plaintiff's request for a Preliminary Injunction; and

 b. Preliminarily enjoining: Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv) disclosing any such confidential or proprietary information to any person, including but not limited to Defendant Zachery Kehren, Premier Pest Control Solutions, LLC,

419750
,14018.2

any competitor of PPC, or the general public, pending the trial or final hearing and determination on the merits of Plaintiff's request for injunctive relief.

80.    As a direct and proximate result of Defendant Jason Kehren's breaches of his fiduciary duties, Plaintiff Tecza and PPC have suffered, and will continue to suffer, substantial damages, including but not limited to lost profits, loss of customers and business opportunities, diminution in the value of the Company, impairment of the Company's reputation and goodwill, and all other consequential, incidental, and foreseeable losses arising from Defendant Kehren's wrongful conduct.

WHEREFORE, Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court issue an appropriate Order in its favor and against Defendant Jason Kehren providing the following relief:

(1) Enjoining Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv) disclosing any such confidential or proprietary information to any person, including but not limited to Defendant Zachery Kehren, Premier Pest Control Solutions, LLC, any competitor of PPC, or the general public;

419750
,14018.2

(2) Enjoining Defendants, for a period of two (2) years from the date of the Court's Order, from contacting, soliciting, or servicing any current or former PPC customers;

(3) Permanently enjoining Defendants from using, accessing, retaining, or possessing any PPC books, records, customer lists, pricing information, operational data, or other confidential or proprietary materials, and ordering the immediate turnover of all such materials to Plaintiff Tecza;

(4) Permanently enjoining Defendants from representing, directly or indirectly, that PPC is dissolving, has ceased operations, or has transferred its business, customers, or goodwill to PPCS;

(5) Permanently enjoining Defendants from using PPC's phone number, email address, website, branding, equipment, vehicles, or any other PPC assets or identifiers;

(6) Permanently enjoining Defendants from accessing, attempting to access, or otherwise exercising any control over any PPC accounts of any kind, including but not limited to: (i) all financial accounts, banking platforms, credit or debit accounts, merchant-processing systems, and payment-collection channels; (ii) all electronic or digital accounts, including email accounts, cloud-storage accounts, website administration portals, domain-registration accounts, social-media accounts, and software-as-a-service platforms; (iii) all operational systems, including scheduling software, customer-management systems,

419750
,14018.2

invoicing systems, and vendor-management portals; and (iv) all passwords, credentials, authentication keys, security tokens, or administrative rights associated with any PPC account or system, and ordering Defendants to immediately surrender to Plaintiff Tecza all such passwords, credentials, authentication keys, and administrative access rights;

(7)   Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(8)   Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(9)   Directing Defendant Jason Kehren to comply with and otherwise perform his obligations to PPC under the Agreement;

(10)  Declaring, pursuant to Section 7(f) of the Operating Agreement, that Defendant Jason Kehren forfeited any and all rights to receive payment, redemption, or value for his Membership Interest in PPC upon his dissociation, and that he holds no continuing ownership, financial, or governance rights in PPC;

419750
,14018.2

(11) Directing Defendant Jason Kehren to immediately return and deliver to PPC any and all confidential information and trade secrets of PPC currently in the possession, custody or control of Defendant Jason Kehren;

(12) Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(13) Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC; and

(14) Granting such other and further equitable relief as is necessary to prevent further diminution in the value of PPC, protect PPC's intellectual property, goodwill, and customer relationships, and enforce the restrictive covenants set forth in the Agreement.

## COUNT III

**MISAPPROPRIATION OF TRADE SECRETS, 12 PA. C.S. § 5301 ET SEQ.**

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC,*
*v. Jason Kehren.*

81.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 80 of this Complaint as if the same were set forth more fully at length herein.

419750
,14018.2

82.     On or about December 5, 2013, Tecza and Defendant Jason Kehren entered into the Operating Agreement and agreed to abide by the mutual promises and covenants set forth in the terms of the Agreement. A true and correct copy of the Operating Agreement is attached hereto and incorporated herein by reference as **Exhibit "1"**.

83.     Under the express terms of the Agreement members of the company are precluded from:

   a.   Participating in or possessing an interest in any business which competes with or engages in a similar type of business to the Company;

   b.   Becoming an employee, agent, shareholder or contractor with any company which engages in the same or similar type of business to the Company within the business territory of the Pennsylvania Counties of Allegheny, Beaver, Butler and Washington Counties for a two-year period after dissociation; and

   c.   Directly or indirectly using for his own benefit or publishing or revealing to another person any Confidential Information of the Company.

(*See* Exhibit "1" at Sections 13-15).

84.     On or about September 15, 2025, while still a Member with the Company, Defendant Jason Kehren established PPCS to provide pest control services in direct competition with PPC within PPC's business territory.

85.     Since the establishment of PPCS, Defendant Jason Kehren has utilized PPC trade secrets in the form of client lists, email systems, phone numbers, customer information, pricing information, business methods and processes, website and branding images in the operation of PPCS.

419750
,14018.2

86.    Plaintiff Tecza did not consent to the use of PPC's trade secrets by Defendant Jason Kehren for the operation of PPCS.

87.    PPC's confidential and proprietary information or trade secrets are being used by Defendants to directly compete with PPC in PPC's business territory.

88.    The actions of Defendant Jason Kehren in establishing and operating PPCS while utilizing PPC assets violates the Conflict of Interest and Non-Competition provisions of the Agreement.

89.    Pursuant to 12 Pa. C.S. § 5301 *et seq.*, the use of PPC's assets by Defendant Jason Kehren to operate a competing entity constitutes a willful and malicious misappropriation of trade secrets.

90.    Due to the potential for immediate and irreparable harm if Defendant Jason Kehren continues to operate PPCS in competition with PPC or utilizes Confidential Information of PPC in the operation of PPCS, Plaintiff Tecza and PPC are, therefore, entitled to and justice requires that this Honorable Court enter orders:

> a.    Temporarily restraining and enjoining: (a) Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv)

419750
,14018.2

disclosing any such confidential or proprietary information to any person, including but not limited to Defendant Zachery Kehren, Premier Pest Control Solutions, LLC, any competitor of PPC, or the general public, pending a hearing and the determination on Plaintiff's request for a Preliminary Injunction; and

b.  Preliminarily enjoining: Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv) disclosing any such confidential or proprietary information to any person, including but not limited to Defendant Zachery Kehren, Premier Pest Control Solutions, LLC, any competitor of PPC, or the general public, pending the trial or final hearing and determination on the merits of Plaintiff's request for injunctive relief.

WHEREFORE, Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court issue an appropriate Order in its favor and against Defendant Jason Kehren providing the following relief:

419750
,14018.2

(1) Enjoining Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv) disclosing any such confidential or proprietary information to any person, including but not limited to Defendant Zachery Kehren, Premier Pest Control Solutions, LLC, any competitor of PPC, or the general public;

(2) Enjoining Defendants, for a period of two (2) years from the date of the Court's Order, from contacting, soliciting, or servicing any current or former PPC customers;

(3) Permanently enjoining Defendants from using, accessing, retaining, or possessing any PPC books, records, customer lists, pricing information, operational data, or other confidential or proprietary materials, and ordering the immediate turnover of all such materials to Plaintiff Tecza;

(4) Permanently enjoining Defendants from representing, directly or indirectly, that PPC is dissolving, has ceased operations, or has transferred its business, customers, or goodwill to PPCS;

(5) Permanently enjoining Defendants from using PPC's phone number, email address, website, branding, equipment, vehicles, or any other PPC assets or identifiers;

(6) Permanently enjoining Defendants from accessing, attempting to access, or otherwise exercising any control over any PPC accounts of any kind, including but not limited to: (i) all financial accounts, banking platforms, credit or debit accounts, merchant-processing systems, and payment-collection channels; (ii) all electronic or digital accounts, including email accounts, cloud-storage accounts, website administration portals, domain-registration accounts, social-media accounts, and software-as-a-service platforms; (iii) all operational systems, including scheduling software, customer-management systems, invoicing systems, and vendor-management portals; and (iv) all passwords, credentials, authentication keys, security tokens, or administrative rights associated with any PPC account or system, and ordering Defendants to immediately surrender to Plaintiff Tecza all such passwords, credentials, authentication keys, and administrative access rights;

(7) Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

419750
,14018.2

(8) Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(9) Directing Defendant Jason Kehren to comply with and otherwise perform his obligations to PPC under the Agreement;

(10) Declaring, pursuant to Section 7(f) of the Operating Agreement, that Defendant Jason Kehren forfeited any and all rights to receive payment, redemption, or value for his Membership Interest in PPC upon his dissociation, and that he holds no continuing ownership, financial, or governance rights in PPC;

(11) Directing Defendant Jason Kehren to immediately return and deliver to PPC any and all confidential information and trade secrets of PPC currently in the possession, custody or control of Defendant Jason Kehren;

(12) Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(13) Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from:

(a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(14) Award actual damages in an amount to be proven at trial, including: (a) Plaintiff's lost profits resulting from Defendant's misappropriation; (b) Unjust enrichment and profits gained by Defendant through use of the trade secrets; or (c) in the alternative, a reasonable royalty for Defendant's unauthorized use and disclosure of Plaintiff's trade secrets;

(15) Award exemplary damages in an amount up to twice the actual damages pursuant to 12 Pa.C.S. § 5304(b), based on Defendant's willful and malicious misappropriation;

(16) Award Plaintiff reasonable attorney's fees pursuant to 12 Pa.C.S. § 5305 due to Defendant's willful and malicious misappropriation; and

(17) Granting such other and further equitable relief as is necessary to prevent further diminution in the value of PPC, protect PPC's intellectual property, goodwill, and customer relationships, and enforce the restrictive covenants set forth in the Agreement.

## COUNT IV

## CONVERSION

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC,*
*v. Jason Kehren.*

419750
,14018.2

91.     Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 90 of this Complaint as if the same were set forth more fully at length herein.

92.     On December 31, 2025, Defendant Jason Kehren expressly dissociated from PPC, thereby terminating any entitlement, right, or authority to access, possess, or use PPC's property, assets, or business records.

93.     At all relevant times, PPC owned and had the exclusive right to possess and control its property, including its customer lists, pricing information, service records, business records, electronic data, website, email address, phone number, vehicles, equipment, and all other tangible and intangible business assets (collectively, the "PPC Property").

94.     Following his dissociation, Defendant Jason Kehren retained exclusive possession of PPC Property, including PPC's customer lists, service records, financial information, and electronic business systems, and continued to use such property for his own benefit and for the benefit of Premier Pest Control Solutions, LLC ("PPCS"), without authorization.

95.     Defendant Jason Kehren continued to use PPC's vehicles, website, email address, phone number, branding, and customer-payment systems after dissociation, and continued to process customer payments through PPC's accounts, all without authorization and in direct opposition to PPC's rights of ownership and possession

96.     Plaintiff repeatedly demanded that Defendant Jason Kehren return PPC Property, including the Kehren-Controlled PPC Records, but Defendant Jason Kehren refused and continues to refuse to surrender such property.

97.     Defendant PPCS likewise knowingly accepted, used, and benefitted from PPC Property, including PPC's customer lists, pricing information, goodwill, and business

419750
,14018.2

31

infrastructure, despite having no ownership interest in PPC and no authorization to possess or use such property..

98.    Defendants' continued possession, use, and appropriation of PPC Property were intentional, unauthorized, and inconsistent with PPC's rights, and deprived PPC of the use and value of its property.

99.    In addition to the foregoing acts, on or about December 31, 2025, the same day as his dissociation, Defendant Jason Kehren intentionally withdrew approximately $25,000.00 from PPC's bank accounts without notice to Plaintiff, without majority approval of the members, without authorization under the Operating Agreement, and without any legitimate business purpose, thereby further exercising dominion and control over PPC Property inconsistent with PPC's rights.

100.    As a direct and proximate result of Defendants' conduct, Plaintiff and PPC have suffered substantial damages, including loss of Company funds, loss of customers and revenue, loss of goodwill and business opportunities, diminution in the value of PPC, and other consequential and foreseeable losses.

WHEREFORE, Plaintiff, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants Jason Kehren and Premier Pest Control Solutions, LLC, awarding compensatory damages, punitive damages, pre- and post-judgment interest, costs of suit, and such other and further relief as this Court deems just and proper.

## COUNT V

### ACCOUNTING & BOOKS-AND-RECORDS VIOLATION, 15 Pa. C.S. § 8850

419750
,14018.2

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC,*
*v. Jason Kehren*

101.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 100 of this Complaint as if the same were set forth more fully at length herein.

102.    At all relevant times, Plaintiff Tecza, as a 50% Member and now the sole remaining Member of PPC, was entitled to full access to PPC's books, records, financial information, customer lists, communications systems, and electronic data.

103.    Throughout 2025, Defendant Jason Kehren maintained exclusive possession and control over the Kehren-Controlled PPC Records.

104.    At all relevant times, Defendant Jason Kehren maintained exclusive control over the Kehren-Controlled PPC Records.

105.    Plaintiff Tecza repeatedly requested access to PPC's books and records from Defendant Jason Kehren, including requests for financial information, customer lists, service records, and electronic data necessary to monitor PPC's operations and exercise his rights as a Member.

106.    Defendant Jason Kehren refused and continues to refuse to provide Plaintiff with access to the Kehren Controlled PPC Records.

107.    Defendant Jason Kehren's refusal to provide access to PPC's books and records prevented Plaintiff from monitoring PPC's finances, customer relationships, and business operations, and prevented Plaintiff from exercising his rights and duties as a Member under the Operating Agreement.

419750
,14018.2

108.    Defendant Jason Kehren's refusal to provide access to PPC's books and records continued after his dissociation on December 31, 2025, even though he no longer had any authority to possess or control PPC's records and Plaintiff became the sole Member of PPC.

109.    Defendant Jason Kehren's continued possession of PPC's books and records after dissociation, and his refusal to surrender them to Plaintiff, has caused and continues to cause immediate and ongoing harm to PPC and to Plaintiff as its sole Member.

110.    As a direct and proximate result of Defendant Jason Kehren's conduct, Plaintiff and PPC have suffered damages, including loss of access to essential business information, impairment of PPC's ability to operate, loss of customers and revenue, and other consequential and foreseeable losses.

WHEREFORE, Plaintiff, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Jason Kehren and:

(1) Compel immediate production of all PPC books and records, including without limitation the Kehren-Controlled PPC Records;

(2) Order Defendant Jason Kehren to permit Plaintiff Tecza to inspect and copy the requested books and records within ten (10) days;

(3) Order Defendant Jason Kehren to provide such access during normal business hours at a reasonable location;

419750
,14018.2

(4) Appoint an independent custodian or special master to oversee the inspection process and ensure compliance;

(5) Permit Plaintiff Tecza to seek adverse inferences regarding any documents wrongfully withheld or destroyed;

(6) Find that Defendant Jason Kehren's refusal supports an inference that the concealed records would be unfavorable to him;

(7) Award Plaintiff Tecza reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to 15 Pa. C.S. § 8850; and

(8) Granting such other and further equitable relief as is necessary to prevent further diminution in the value of PPC, protect PPC's intellectual property, goodwill, and customer relationships, and enforce the restrictive covenants set forth in the Agreement.

## COUNT VI

### WRONGFUL DISSOCATION

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC,*
*v. Jason Kehren*

111.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 110 of this Complaint as if the same were set forth more fully at length herein.

112.    Under Pennsylvania law, a person who wrongfully dissociates as a member is liable to the limited liability company for damages caused by the dissociation. 15 Pa. C.S. § 8862(c).

419750
,14018.2

113.    Pursuant to 15 Pa. C.S. § 8862(b), a dissociation is wrongful if it occurs before the completion of the winding up of the limited liability company and the person withdraws as a member by express will

114.    The commentary to Section 8862 explains that wrongful dissociation is treated as a breach of contract and may cause substantial damages to the limited liability company, including costs associated with replacing the member's expertise, obtaining new financing, or addressing operational disruption, all of which are recoverable from the wrongfully dissociating member

115.    The Operating Agreement expressly provides that a member who dissociates forfeits any right to receive payment for the value of his membership interest, and such forfeiture applies immediately upon dissociation.

116.    Notably, on or about December 31, 2025, Defendant Jason Kehren expressly informed Plaintiff Tecza and the Company by letter that he had dissociated from the Company. (See Exhibit 3).

117.    Defendant Jason Kehren's wrongful dissociation caused PPC to incur substantial damages, including operational disruption, loss of customers, loss of goodwill, the need to replace his labor and expertise, and the need to secure new financial and administrative resources, all of which are damages directly attributable to his wrongful dissociation.

WHEREFORE, Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Jason Kehren and:

(1) Declare that Defendant Jason Kehren wrongfully dissociated from Premier Pest Control, LLC;

419750
,14018.2

36

(2) Declare that, pursuant to Section 7(f) of the Operating Agreement, Defendant Jason Kehren forfeited any right to receive payment or value for his membership interest and is entitled to no compensation for such interest;

(3) Award damages in an amount in excess of $25,000.00 for the harm caused by Defendant Jason Kehren's wrongful dissociation;

(4) Award interest, costs, and attorneys' fees as permitted by law; and

(5) Granting such other and further equitable relief as is necessary to prevent further diminution in the value of PPC, protect PPC's intellectual property, goodwill, and customer relationships, and enforce the restrictive covenants set forth in the Agreement.

## COUNT VII

### CIVIL CONSPIRACY

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC,
v. Jason Kehren and Zachary Kehren.*

118.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 117 of this Complaint as if the same were set forth more fully at length herein.

119.    On or about December 5, 2013, Tecza and Defendant Jason Kehren entered into the Operating Agreement and agreed to abide by the mutual promises and covenants set forth in the terms of the Agreement. A true and correct copy of the Operating Agreement is attached hereto and incorporated herein by reference as **Exhibit "1"**.

419750
,14018.2

120.    Under the express terms of the Agreement members of the company are precluded from:

    a.   Participating in or possessing an interest in any business which competes with or engages in a similar type of business to the Company;

    b.   Becoming an employee, agent, shareholder or contractor with any company which engages in the same or similar type of business to the Company within the business territory of the Pennsylvania Counties of Allegheny, Beaver, Butler and Washington Counties for a two-year period after dissociation; and

    c.   Directly or indirectly using for his own benefit or publishing or revealing to another person any Confidential Information of the Company.

(*See* Exhibit "1" at Sections 13-15).

121.    On March 5, 2015, Plaintiff Tecza and Defendant Jason Kehren became co-equal 50% Members of PPC.

122.    On or about September 15, 2025, while still a Member with the Company, Defendant Jason Kehren established PPCS to provide pest control services in direct competition with PPC within PPC's business territory.

123.    On December 16, 2025, Defendants sent a letter, on behalf of all three Defendants, to numerous PPC customers, falsely representing that PPCS was the proper successor or continuation of PPC. A true and correct copy of the December 16, 2025 letter is attached hereto and incorporated herein by reference as **Exhibit "2"**.

124.    The letter dated December 16, 2025, was published on PPC letterhead and displayed the PPC phone number and email address. (*Id.*)

419750
,14018.2

38

125.    The letter dated December 16, 2025, bore the typed names of Defendants Jason Kehren and Zachery Kehren. (*Id*.)

126.    The letter dated December 16, 2025, described Defendant Zachery Kehren as one of "the same trusted technicians" from PPC that would now be servicing clients for PPCS. (*Id*.)

127.    At all times relevant hereto, Defendants Jason Kehren and Zachery Kehren entered into an agreement and understanding with one another to commit unlawful acts and/or to commit lawful acts by unlawful means, in that Defendants agreed and combined: (1) to form a company for the express purpose of improperly competing with PPC and in direct violation of the non-competition provision in the Agreement; (2) with the express intent or purpose of misappropriating Plaintiff's trade secrets; and (3) to  convert Plaintiff's property with the intent and purpose of using the proceeds to improperly fund and benefit the new improper competing entities to the detriment of PPC in direct and breach the fiduciary duties owed to Plaintiff Tecza.

128.    Each Defendant knowingly and intentionally participated in the conspiracy with the shared purpose of causing harm to Plaintiff.

129.    Defendants' agreement and concerted action constitute a civil conspiracy under Pennsylvania law.

130.    The conspiracy was undertaken with malice and ill will toward Plaintiff Tecza, demonstrating a reckless indifference to Plaintiff's rights.

131.    As a direct and proximate result of Defendants' civil conspiracy, Plaintiff have suffered substantial damages, including but not limited to loss of business opportunities and revenue, diminution in the value of Plaintiff' business and reputational harm.

132.    Defendants' conduct was willful, wanton, malicious and oppressive, justifying an award of punitive damages.

419750
,14018.2

WHEREFORE, Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court issue an appropriate Order in its favor and against Defendants Jason Kehren and Zachery Kehren, jointly and severally, awarding compensatory damages in an amount to be proven at trial, award punitive damages against all Defendants for their malicious conduct, award Plaintiff reasonable attorney's fees and costs and grant such other and further relief as the Court deems just and proper.

## COUNT VIII

### TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE CONTRACTS

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC,*
*v. Jason Kehren, Zachary Kehren and Premier Pest Control Solutions, LLC.*

133.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 132 of this Complaint as if the same were set forth more fully at length herein.

134.    On or about December 5, 2013, Plaintiff Tecza and Defendant Jason Kehren entered into an Operating Agreement (hereinafter referred to as the "Agreement") which established the PPC as a member-managed company. A true and correct copy of the Operating Agreement is attached hereto and incorporated herein by reference as **Exhibit "1"**.

135.    Under the express terms of the Agreement Defendants Jason and Zachery Kehren were prohibited directly or indirectly from:

      a.   Participating in or possessing an interest in any business which competes with or engages in a similar type of business to the Company;

      b.   Becoming an employee, agent, shareholder or contractor with any company which engages in the same or similar type of business to the Company within

419750
,14018.2

40

the business territory of the Pennsylvania Counties of Allegheny, Beaver, Butler

and Washington Counties for a two-year period after dissociation; and

c.  Directly or indirectly using for his own benefit or publishing or revealing to

another person any Confidential Information of the Company.

(*See* Exhibit "1" at Sections 13-15).

136.    On March 5, 2015, Plaintiff Tecza and Defendant Jason Kehren became co-equal

50% Members of PPC.

137.    On or about September 15, 2025, while still a Member with the Company,

Defendant Jason Kehren established PPCS for the purpose and with the intent of providing pest

control services in direct competition with PPC within PPC's business territory.

138.    At all times relevant hereto, PPC had valid, existing contractual relationships with

numerous private and industrial customers in the pest control sector.

139.    PPCS, Defendant Jason Kehren and Defendant Zachery Kehren had actual

knowledge of PPC's existing contractual relationships with these customers through its access to

PPC's client lists, customer contracts, email systems, and the personal knowledge of Defendants

Jason and Zachary Kehren.

140.    With full knowledge of Plaintiff's contractual relationships, Defendants

intentionally and improperly interfered with those relationships by:

a.  Directly soliciting Plaintiff's customers with whom Plaintiff had existing

contracts;

    b.   Misrepresenting Defendants Jason and Zachery Kehren's relationship to Plaintiff and falsely suggesting Defendants were authorized to act on Plaintiff's behalf;

    c.   Using Plaintiff's letterhead, logo, and business identity to create confusion and induce customers to believe they were continuing to deal with Plaintiff; and

    d.   Offering substantially similar services using Plaintiff's proprietary methods and trade secrets.

141.   The interference by PPCS was intentional, as evidenced by its calculated and systematic campaign to target PPC's existing customers and divert their business to the new entity that was created by Defendant Jason Kehren to compete with PPC (i.e. PPCS).

142.   The interference by the Defendants employed improper means including fraudulent misrepresentation, misappropriation of trade secrets, violation of fiduciary duties and deceptive trade practices designed to create customer confusion in violation of Pennsylvania Common Law.

143.   The purpose of the Defendants in interfering with PPC's contractual and prospective relations was not legitimate competition but rather to wrongfully appropriate Plaintiff's business opportunities for itself through improper means.

144.   As a direct and proximate result of the Defendants' tortious interference, PPC's customers breached or terminated their contracts with PPC, causing PPC to suffer substantial damages.

WHEREFORE, Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court issue an appropriate Order in its favor and against Defendants, Jason Kehren, Zachery Kehren and Premier Pest Control

419750
,14018.2

Solutions, LLC, awarding compensatory damages in an amount to be proven at trial, awarding punitive damages for its malicious conduct, awarding Plaintiff reasonable attorney's fees and costs and grant such other and further relief as the Court deems just and proper.

## COUNT IX

### FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC,*
*v. Jason Kehren, Zachery Kehren and Premier Pest Control Solutions, LLC.*

145. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 144 Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC of this Complaint as if the same were set forth more fully at length herein.

146. PPC has continuously used the trademark "Premier Pest Control, LLC" in interstate commerce since December 5, 2013, in relation to pest control services.

147. PPC has also continuously used the font and image of a black winged insect over top of a red octagon as part of its logo and letterhead.

148. Although not federally registered, PPC's marks have acquired substantial secondary meaning and distinctiveness through continuous and exclusive use in commerce for at least 12 years, along with substantial advertising and widespread recognition among customers in Southwestern Pennsylvania.

149. Plaintiff owns valid, protectable common law trademark rights in these marks under federal law, which rights arise from Plaintiff's prior, continuous, and exclusive use of the marks in commerce.

419750
,14018.2

150. In addition to its word marks and logos, Plaintiff has developed distinctive trade dress consisting of a black winged insect over top of a red octagon as part of its logo and letterhead next to a script "Premier" in black with a red outline that is present on letterhead and vehicles.

151. The black and red color scheme is also prominent on the company's website

152. Plaintiff's trade dress is non-functional and serves primarily to identify the source of Plaintiff's services to consumers, rather than serving any utilitarian purpose.

153. Plaintiff's trade dress has acquired secondary meaning through extensive and continuous use since 2013 and has become distinctive of Plaintiff's services in the minds of consumers in the relevant market.

154. Consumers recognize Plaintiff's trade dress as uniquely identifying Plaintiff as the source of the services.

155. Despite the express prohibitions in the Agreement and Plaintiff's protectable common law trademark rights, Defendant Jason Kehren and PPCS has used and continues to use in interstate commerce marks and trade dress that are confusingly similar to or virtually identical to Plaintiff's protected marks and trade dress in the following aspects:

   a. PPCS has used and continues to use the name "Premier Pest Control" or confusingly similar variations thereof in communications with customers and prospective customers;

   b. PPCS has used and continues to use PPC's exact logo or a virtually identical reproduction thereof;

   c. PPCS has used and continues to use letterhead that copies or substantially replicates PPC's distinctive letterhead design, layout and trade dress;

419750
,14018.2

    d.  PPCS has used and continues to use Plaintiff's distinctive color schemes and visual presentation;

    e.  PPCS has used and continues to use business materials that reproduce PPC's overall commercial impression and trade dress; and

    f.  PPCS has used and continues to use a vehicle logo designs that copy or substantially replicate PPC's distinctive design, layout and trade dress.

156.    On or about December 16, 2025, Defendants sent a letter, on behalf of all three Defendants, to numerous PPC customers, falsely representing that PPCS was the proper successor or continuation of PPC on letterhead bearing PPC's name, logo, distinctive design elements, phone numbers and email addresses substantially identical to or confusingly similar to PPC's marks and trade dress. A true and correct copy of the December 16, 2025 letter is attached hereto and incorporated herein by reference as **Exhibit "2"**.

157.    Defendant's use of Plaintiff's marks and trade dress in commerce constitutes false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

158.    As a direct and proximate result of Defendant's trademark infringement and false designation of origin, Plaintiff has suffered and continues to suffer substantial damages and irreparable harm, including, but not limited to, loss of sales and revenue diverted to Defendant, damage to PPC's reputation, and loss of prospective business opportunities due to customer confusion.

159.    These forms of irreparable harm are presumed under the law based on PPC's showing of likelihood of success on its trademark claims and are independently established by the actual harm PPC has suffered and continues to suffer.

419750
,14018.2

160.    Absent injunctive relief, PPC will continue to suffer irreparable harm as customers continue to be confused, PPC's marks continue to be diluted, and PPC's goodwill continues to be eroded.

161.    PPCS has been and continues to be unjustly enriched by its use of PPC's marks and trade dress.

162.    PPCS has obtained customers, revenue, and business opportunities by trading on PPC's goodwill, reputation, and customer relationships without authorization and without making any investment in building its own brand recognition.

163.    PPCS's profits from its infringing activities constitute unjust enrichment that should be disgorged and awarded to PPC.

WHEREFORE, Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court issue an appropriate Order in its favor and against Defendants, Jason Kehren, Zachery Kehren and Premier Pest Control Solutions, LLC, providing the following relief:

(1) Enjoining Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv) disclosing any such confidential or proprietary information to any person, including but not limited to Defendant

419750
,14018.2

46

Zachery Kehren, Premier Pest Control Solutions, LLC, any competitor of PPC, or the general public;

(2) Enjoining Defendants, for a period of two (2) years from the date of the Court's Order, from contacting, soliciting, or servicing any current or former PPC customers;

(3) Permanently enjoining Defendants from using, accessing, retaining, or possessing any PPC books, records, customer lists, pricing information, operational data, or other confidential or proprietary materials, and ordering the immediate turnover of all such materials to Plaintiff Tecza;

(4) Permanently enjoining Defendants from representing, directly or indirectly, that PPC is dissolving, has ceased operations, or has transferred its business, customers, or goodwill to PPCS;

(5) Permanently enjoining Defendants from using PPC's phone number, email address, website, branding, equipment, vehicles, or any other PPC assets or identifiers;

(6) Permanently enjoining Defendants from accessing, attempting to access, or otherwise exercising any control over any PPC accounts of any kind, including but not limited to: (i) all financial accounts, banking platforms, credit or debit accounts, merchant-processing systems, and payment-collection channels; (ii) all electronic or digital accounts, including email accounts, cloud-storage

accounts, website administration portals, domain-registration accounts, social-media accounts, and software-as-a-service platforms; (iii) all operational systems, including scheduling software, customer-management systems, invoicing systems, and vendor-management portals; and (iv) all passwords, credentials, authentication keys, security tokens, or administrative rights associated with any PPC account or system, and ordering Defendants to immediately surrender to Plaintiff Tecza all such passwords, credentials, authentication keys, and administrative access rights;

(7) Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(8) Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(9) Directing Defendant Jason Kehren to comply with and otherwise perform his obligations to PPC under the Agreement;

(10) Declaring, pursuant to Section 7(f) of the Operating Agreement, that Defendant Jason Kehren forfeited any and all rights to receive payment, redemption, or

419750
,14018.2

value for his Membership Interest in PPC upon his dissociation, and that he holds no continuing ownership, financial, or governance rights in PPC;

(11) Directing Defendant Jason Kehren to immediately return and deliver to PPC any and all confidential information and trade secrets of PPC currently in the possession, custody or control of Defendant Jason Kehren;

(12) Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(13) Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(14) Award Plaintiff compensatory damages for all losses caused by Defendant's infringement, including lost profits, lost business opportunities, and damage to goodwill and reputation, in an amount to be proven at trial;

(15) Award Plaintiff all of Defendants' profits attributable to the trademark infringement pursuant to 15 U.S.C. § 1117(a);

419750
,14018.2

(16) Pursuant to 15 U.S.C. § 1117(a), increase the damage award up to three times the amount of actual damages or Defendant's profits, whichever is greater, based on Defendant's willful and deliberate infringement;

(17) Award Plaintiff its reasonable attorney's fees as this is an exceptional case warranting fee shifting pursuant to 15 U.S.C. § 1117(a); and

(18) Granting such other and further equitable relief as is necessary to prevent further diminution in the value of PPC, protect PPC's intellectual property, goodwill, and customer relationships, and enforce the restrictive covenants set forth in the Agreement.

## COUNT X

### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC, v. Zachery Kehren.*

164.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 163 of this Complaint as if the same were set forth more fully at length herein.

165.    On or about December 5, 2013, Tecza and Defendant Jason Kehren entered into the Operating Agreement and agreed to abide by the mutual promises and covenants set forth in the terms of the Agreement. A true and correct copy of the Operating Agreement is attached hereto and incorporated herein by reference as **Exhibit "1"**.

166.    On March 5, 2015, Plaintiff Tecza and Defendant Jason Kehren became co-equal 50% Members of PPC.

419750
,14018.2

167.    At all rimes relevant hereto, Defendant Jason Kehren, the father of Defendant Zachery Kehren, was a Member of PPC and owed fiduciary duties to PPC including duties of loyalty, care and good faith.

168.    Upon information and belief, Defendant Zachery Kehren had actual knowledge that Defendant Jason Kehren owed fiduciary duties to Plaintiff.

169.    Defendant Zachery Kehren's knowledge of Defendant Jason Kehren's fiduciary duties is evidenced primarily by Defendant Zachery Kehren's own employment with PPC,his knowledge of the ongoing events in relation to the management disputes between the members, and his familial relationship with Defendant Jason Kehren.

170.    Through both his employment and familial relationship, Defendant Zachery Kehren knew or should have known that Defendant Jason Kehren had access to PPC's confidential information, owed fiduciary duties to PPC and was prohibited from competing with PPC.

171.    Defendant Zachery Kehren knew or should have known that Jason's conduct in forming PPCS, soliciting PPC's customers, and misappropriating the Company's assets constituted a breach of Jason's fiduciary duties to PPC.

172.    Nevertheless, on December 16, 2025, Defendant Zachery Kehren signed on to a letter that was sent to PPC customers on PPC letterhead announcing the formation of PPCS which misrepresented the relationship between PPCS and PPC. A true and correct copy of the December 16, 2025 letter is attached hereto and incorporated herein by reference as **Exhibit "2".**

173.    The intent of that letter was to willfully and maliciously solicit PPC customers to contract with PPCS within the business territory of PPC.

174.    As a direct and proximate result of Defendant Zachery Kehren's aiding and abetting Jason's breaches of fiduciary duty, Plaintiff has suffered substantial damages including but not

419750
,14018.2

limited to the loss of customers, loss of business opportunities and damage to PPC's business relationships and reputation.

175.    Defendant Zachery Kehren is jointly and severally liable with Jason for all damages resulting from the breaches of fiduciary duty.

176.    Defendant Zachery Kehren's aiding and abetting of breaches of fiduciary duty was willful, wanton, malicious, and undertaken with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court issue an appropriate Order in its favor and against Defendant Zachery Kehren, as jointly and severally liable and providing the following relief:

(1) Award compensatory damages in an amount to be proven at trial;

(2) Order Defendant Zachery Kehren to disgorge all profits, and benefits obtained through aiding and abetting Defendant Jason Kehren's breaches of fiduciary duty;

(3) Award punitive damages for Defendant Zachery Kehren's willful, wanton, and malicious conduct;

(4) Award Plaintiff his reasonable attorney's fees and costs; and

(5) Grant such other relief as the Court deems just and proper.

## **COUNT XI**

419750
,14018.2

**MISAPPROPRIATION OF TRADE SECRETS,**
**CLAIM UNDER UNIFORM TRADE SECRETS ACT, 12 PA. C.S. § 5301, ET SEQ.**

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC,*
*v. Zachery Kehren*

177.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 176 of this Complaint as if the same were set forth more fully at length herein.

178.    On or about December 5, 2013, Plaintiff Tecza and Defendant Jason Kehren entered into an Operating Agreement (hereinafter referred to as the "Agreement"), which established the PPC as a member-managed company. A true and correct copy of the Operating Agreement is attached hereto and incorporated herein by reference as **Exhibit "1"**.

179.    On March 5, 2015, Plaintiff Tecza and Defendant Jason Kehren became co-equal 50% Members of PPC.

180.    At all times relevant hereto, Defendant Jason Kehren, the father of Defendant Zachery Kehren, was a Member of PPC and owed fiduciary duties to PPC including duties of loyalty, care and good faith.

181.    Under the express terms of the Agreement members of the company are precluded from:

a.    Participating in or possessing an interest in any business which competes with or engages in a similar type of business to the Company;

b.    Becoming an employee, agent, shareholder or contractor with any company which engages in the same or similar type of business to the Company within the business territory of the Pennsylvania Counties of Allegheny, Beaver, Butler and Washington Counties for a two-year period after dissociation; and

419750
,14018.2

53

    c.   Directly or indirectly using for his own benefit or publishing or revealing to another person any Confidential Information of the Company.

(*See* Exhibit "1" at Sections 13-15).

182.    During the course of Defendant Jason Kehren's and Defendant Zachery Kehren's employment by PPC, they obtained access to and is currently in the possession of certain confidential and proprietary information constituting "trade secrets" as defined by the  Federal Defend Trade Secrets Act, 18 U.S.C. §1839(3), including, but not limited to, the following: (a) client lists; (b) client contact information; (c) vendor and supplier contact information; (d) customer lists and information; (e) prospective customer lists and information; (f) PPC's sales and marketing plans and efforts; (g) sales methods and tactics of PPC; (h) pricing information of PPC and its suppliers; (i) PPC's cost structure, including costs of services provided, overhead costs and discount and rebate programs with vendors; (j) prior and pending proposals and bids; (k) technical and specification information and other records relating to PPC's services and its supplier's products;  (l) planning data; (m) financial information and business systems data, compilations of information; and (n) other technical, financial and business information of PPC of a confidential and proprietary character.

183.    The trade secrets that were disclosed or made available to Defendant Jason Kehren and Defendant Zachery Kehren by PPC during the course of their employment by PPC as identified in the Paragraph 182 were kept sufficiently secret and PPC derived economic value from that information not being generally known to other persons or entities who can obtain economic value from its disclosure or use.

419750
,14018.2

184.    The trade secrets that were disclosed or made available to Defendant Jason Kehren and Defendant Zachery Kehren by PPC during the course of his employment by PPC as identified in the Paragraph 182 were the subject of efforts by PPC that were reasonable under the circumstances to maintain its secrecy or confidentiality and PPC required them to expressly agree, for a period of two years immediately following the termination of the Agreement, not disclose to that confidential information or any other proprietary information relating to the practice, operations or business of PPC to any person, firm or corporation

185.    Upon information and belief, Defendant Zachery Kehren had actual knowledge that Defendant Jason Kehren owed fiduciary duties to Plaintiff.

186.    Defendant Zachery Kehren's knowledge of Defendant Jason Kehren's fiduciary duties is evidenced by Defendant Zachery Kehren's own employment with PPC and his familial relationship with Defendant Jason Kehren.

187.    Through both his employment and familial relationship, Defendant Zachery Kehren knew or should have known that Defendant Jason Kehren had access to PPC's confidential information, owed fiduciary duties to PPC and was prohibited from using that information to compete with PPC.

188.    On or about September 15, 2025, while still a Member with the Company, Defendant Jason Kehren established PPCS to provide pest control services in direct competition with PPC within PPC's business territory.

189.    Since the establishment of PPCS, Defendant Jason Kehren and Defendant Zachery Kehren have utilized PPC trade secrets in the form of client lists, email systems, phone numbers, customer information, pricing information, business methods and processes, website and branding images in the operation of PPCS.

419750
,14018.2

190.    Plaintiff Tecza did not consent to the use of PPC's trade secrets by Defendant Jason Kehren or Defendant Zachery Kehren for the operation of PPCS.

191.    PPC's confidential and proprietary information or trade secrets are being used by Defendants to directly compete with PPC in PPC's business territory.

192.    The actions of Defendant Jason Kehren in establishing and operating PPCS while utilizing PPC's confidential and proprietary information or trade secrets to directly compete with PPC violates the Conflict of Interest and Non-Competition provisions of the Agreement.

193.    Pursuant to 12 Pa. C.S. § 5301 *et seq.*, the use of PPC's confidential and proprietary information or trade secrets by Defendant Jason Kehren and Defendant Zachery Kehren to operate a competing entity constitutes a willful and malicious misappropriation of trade secrets

194.    Defendant Zachery Kehren knew or should have known that Jason's conduct in forming PPCS and using its confidential and proprietary information or trade secrets to solicit business from PPC's customers constitutes misappropriation of PPC's trade secrets.

195.    Nevertheless, on December 16, 2025, Defendant Zachery Kehren signed on to a letter that was sent to PPC customers on PPC letterhead which illegally, improperly, and/or falsely: (1) represented that PPC had dissolved, and (2) PPCS had been formed and was the successor to PPC.

196.    The intent of that letter was to willfully and maliciously solicit PPC customers to contract with PPCS within the business territory of PPC.

197.    Defendant Zachery Kehren's misappropriation of Plaintiff's trade secrets has been willful and malicious within the meaning of 12 Pa. C.S. § 5303(b).

198.    Defendant Zachery Kehren is jointly and severally liable with Jason for all damages resulting from misappropriation of trade secrets.

419750
,14018.2

199.    Due to the potential for immediate and irreparable harm if Defendant Jason Kehren continues to operate PPCS in competition with PPC or utilizes Confidential Information of PPC in the operation of PPCS, Plaintiff Tecza and PPC are, therefore, entitled to and justice requires that this Honorable Court enter an order:

    a.   Temporarily restraining and enjoining: (a) Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv) disclosing any such confidential or proprietary information to any person, including but not limited to Defendant Zachery Kehren, Premier Pest Control Solutions, LLC, any competitor of PPC, or the general public, pending a hearing and the determination on Plaintiff's request for a Preliminary Injunction; and

    b.   Preliminarily enjoining: Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv) disclosing any such confidential or proprietary information to any person, including but not limited to Defendant Zachery Kehren, Premier Pest Control Solutions, LLC,

419750
,14018.2

any competitor of PPC, or the general public, pending the trial or final hearing and determination on the merits of Plaintiff's request for injunctive relief.

WHEREFORE, Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court issue an appropriate Order in its favor and against Defendant Zachery Kehren providing the following relief:

(1) Enjoining Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv) disclosing any such confidential or proprietary information to any person, including but not limited to Defendant Zachery Kehren, Premier Pest Control Solutions, LLC, any competitor of PPC, or the general public;

(2) Enjoining Defendants, for a period of two (2) years from the date of the Court's Order, from contacting, soliciting, or servicing any current or former PPC customers;

(3) Permanently enjoining Defendants from using, accessing, retaining, or possessing any PPC books, records, customer lists, pricing information, operational data, or other confidential or proprietary materials, and ordering the immediate turnover of all such materials to Plaintiff Tecza;

419750
,14018.2

(4) Permanently enjoining Defendants from representing, directly or indirectly, that PPC is dissolving, has ceased operations, or has transferred its business, customers, or goodwill to PPCS;

(5) Permanently enjoining Defendants from using PPC's phone number, email address, website, branding, equipment, vehicles, or any other PPC assets or identifiers;

(6) Permanently enjoining Defendants from accessing, attempting to access, or otherwise exercising any control over any PPC accounts of any kind, including but not limited to: (i) all financial accounts, banking platforms, credit or debit accounts, merchant-processing systems, and payment-collection channels; (ii) all electronic or digital accounts, including email accounts, cloud-storage accounts, website administration portals, domain-registration accounts, social-media accounts, and software-as-a-service platforms; (iii) all operational systems, including scheduling software, customer-management systems, invoicing systems, and vendor-management portals; and (iv) all passwords, credentials, authentication keys, security tokens, or administrative rights associated with any PPC account or system, and ordering Defendants to immediately surrender to Plaintiff Tecza all such passwords, credentials, authentication keys, and administrative access rights;

(7) Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or

419750
,14018.2

efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(8) Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(9) Directing Defendant Jason Kehren to comply with and otherwise perform his obligations to PPC under the Agreement;

(10) Declaring, pursuant to Section 7(f) of the Operating Agreement, that Defendant Jason Kehren forfeited any and all rights to receive payment, redemption, or value for his Membership Interest in PPC upon his dissociation, and that he holds no continuing ownership, financial, or governance rights in PPC;

(11) Directing Defendant Jason Kehren to immediately return and deliver to PPC any and all confidential information and trade secrets of PPC currently in the possession, custody or control of Defendant Jason Kehren;

(12) Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

419750
,14018.2

(13) Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(14) Award actual damages in an amount to be proven at trial, including: (a) Plaintiff's lost profits resulting from Defendant's misappropriation; (b) Unjust enrichment and profits gained by Defendant through use of the trade secrets; or (c) in the alternative, a reasonable royalty for Defendant's unauthorized use and disclosure of Plaintiff's trade secrets;

(15) Award exemplary damages in an amount up to twice the actual damages pursuant to 12 Pa.C.S. § 5304(b), based on Defendant's willful and malicious misappropriation;

(16) Award Plaintiff reasonable attorney's fees pursuant to 12 Pa.C.S. § 5305 due to Defendant's willful and malicious misappropriation; and

(17) Granting such other and further equitable relief as is necessary to prevent further diminution in the value of PPC, protect PPC's intellectual property, goodwill, and customer relationships, and enforce the restrictive covenants set forth in the Agreement.

## COUNT XII

### FALSE DESIGNATION / UNFAIR COMPETITION,

419750
,14018.2

**VIOLATION OF THE LANHAM ACT, 15 U.S.C. §§ 1051 ET SEQ.**

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC,*
*v. Jason Kehren, Zachery Kehren and Premier Pest Control Solutions, LLC.*

200.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 199 of this Complaint as if the same were set forth more fully at length herein.

201.    On or about December 5, 2013, Plaintiff Tecza and Defendant Jason Kehren entered into an Operating Agreement (hereinafter referred to as the "Agreement"), which established the PPC as a member-managed company. A true and correct copy of the Operating Agreement is attached hereto and incorporated herein by reference as **Exhibit "1"**.

202.    On March 5, 2015, Plaintiff Tecza and Defendant Jason Kehren became co-equal 50% Members of PPC.

203.    At all times relevant hereto, Defendant Jason Kehren, the father of Defendant Zachery Kehren, was a Member of PPC and owed fiduciary duties to PPC including duties of loyalty, care and good faith.

204.    Under the express terms of the Agreement members of the company are precluded from:

    a.   Participating in or possessing an interest in any business which competes with or engages in a similar type of business to the Company;

    b.   Becoming an employee, agent, shareholder or contractor with any company which engages in the same or similar type of business to the Company within the business territory of the Pennsylvania Counties of Allegheny, Beaver, Butler and Washington Counties for a two-year period after dissociation; and

     c.   Directly or indirectly using for his own benefit or publishing or revealing to another person any Confidential Information of the Company.

(*See* Exhibit "1" at Sections 13-15).

205.    On or about September 15, 2025, while still a Member with the Company, Defendant Jason Kehren established PPCS to provide pest control services in direct competition with PPC within PPC's business territory.

206.    On December 16, 2025, Defendants sent a letter, on behalf of all three Defendants, to numerous PPC customers, falsely representing that PPC had dissolved and PPCS was the proper successor or continuation of PPC. A true and correct copy of the December 16, 2025 letter is attached hereto and incorporated herein by reference as **Exhibit "2"**.

207.    Since the establishment of PPCS, Defendant Jason Kehren has utilized PPC assets in the form of client lists, vehicles, email addresses, phone numbers, website and branding images in the operation of PPCS.

208.    Defendant Jason Kehren utilized PPC assets in the form of client lists, vehicles, email addresses, phone numbers, website and branding images to divert customers to PPCS under the false premise that PPC had dissolved.

209.    At the time of the filing of this Complaint, Defendant Jason Kehren continues to operate PPCS within the business territory of the Company.

210.    Upon information and belief, at the time of the filing of this Complaint, Defendants continue to utilize PPC assets, such as the Company's website, email address, phone number, vehicles, customer lists and bank accounts in support of his competing venture, PPCS.

419750
,14018.2

211.    PPC has continuously used the trademark "Premier Pest Control, LLC" in interstate commerce since December 5, 2013, in relation to pest control services.

212.    PPC has also continuously used the font and image of a black winged insect over top of a red octagon as part of its logo and letterhead.

213.    Although not federally registered, PPC's marks have acquired substantial secondary meaning and distinctiveness through continuous and exclusive use in commerce for at least 12 years, along with substantial advertising and widespread recognition among customers is Southwestern Pennsylvania.

214.    Plaintiff owns valid, protectable trademark rights in these marks under federal common law and Section 43(a) of the Lanham Act, which rights arise from Plaintiff's prior, continuous, and exclusive use of the marks in commerce.

215.    In addition to its word marks and logos, Plaintiff has developed distinctive trade dress consisting of a black winged insect over top of a red octagon as part of its logo and letterhead next to a script "Premier" in black with a red outline that is present on letterhead and vehicles.

216.    The black and red color scheme is also prominent on the company's website

217.    Plaintiff's trade dress is non-functional and serves primarily to identify the source of Plaintiff's services to consumers, rather than serving any utilitarian purpose.

218.    Plaintiff's trade dress has acquired secondary meaning through extensive and continuous use since 2013 and has become distinctive of Plaintiff's services in the minds of consumers in the relevant market.

219.    Consumers recognize Plaintiff's trade dress as uniquely identifying Plaintiff as the source of the services.

419750
,14018.2

220.    Despite the express prohibitions in the Agreement and Plaintiff's protectable common law trademark rights, Defendant Jason Kehren and PPCS have used and continues to use in interstate commerce marks and trade dress that are confusingly similar to or virtually identical to Plaintiff's protected marks and trade dress in the following aspects:

    a.    PPCS has used and continues to use the name "Premier Pest Control" or confusingly similar variations thereof in communications with customers and prospective customers;

    b.    PPCS has used and continues to use PPC's exact logo or a virtually identical reproduction thereof;

    c.    PPCS has used and continues to use letterhead that copies or substantially replicates PPC's distinctive letterhead design, layout and trade dress;

    d.    PPCS has used and continues to use Plaintiff's distinctive color schemes and visual presentation;

    e.    PPCS has used and continues to use business materials that reproduce PPC's overall commercial impression and trade dress; and

    f.    PPCS has used and continues to use a vehicle logo designs that copy or substantially replicate PPC's distinctive design, layout and trade dress.

221.    Defendants' use of these marks and trade dress constitutes false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A), because such use is likely to cause confusion among consumers and in commerce as to the source, origin, sponsorship, affiliation, or approval of Defendants' service.

419750
,14018.2

222.     Defendants' use of a letter to PPC customers on PPC letterhead falsely recounting a dissolution of PPC and promoting the services of PPCS as the proper successor to PPC amounts to false advertising in violation of 15 U.S.C. § 1124(a)(1)(B).

223.     Defendants' actions described herein constitute unfair competition in violation of Section 43(a) of the Lanham Act.

224.     Defendant's actions described herein have been willful, deliberate and undertaken in bad faith and with full knowledge of Plaintiff's rights.

225.     Defendants acted with intent to confuse consumers, deceive the public, profit from Plaintiff's established reputation and good will, and to devalue PPC.

226.     This willful conduct makes this an exceptional case warranting enhanced remedies including treble damages, disgorgement of profits, and attorney's fees.

227.     Defendants have acted jointly, in concert, and pursuant to common plan to use Plaintiff's marks and create customer confusion.

228.     Defendants are jointly and severally liable for the violations alleged herein as they have acted in concert, with common purpose, and as co-conspirators.

229.     Plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

230.     Only injunctive relief can adequately protect Plaintiff's rights and prevent ongoing irreparable injury.

WHEREFORE, Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court issue an appropriate Order in

419750
,14018.2

its favor and against Defendants Jason Kehren, Zachery Kehren and Premier Pest Control Solutions, LLC, providing the following relief:

(1) Enjoining Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv) disclosing any such confidential or proprietary information to any person, including but not limited to Defendant Zachery Kehren, Premier Pest Control Solutions, LLC, any competitor of PPC, or the general public;

(2) Enjoining Defendants, for a period of two (2) years from the date of the Court's Order, from contacting, soliciting, or servicing any current or former PPC customers;

(3) Permanently enjoining Defendants from using, accessing, retaining, or possessing any PPC books, records, customer lists, pricing information, operational data, or other confidential or proprietary materials, and ordering the immediate turnover of all such materials to Plaintiff Tecza;

(4) Permanently enjoining Defendants from representing, directly or indirectly, that PPC is dissolving, has ceased operations, or has transferred its business, customers, or goodwill to PPCS;

419750
,14018.2

(5) Permanently enjoining Defendants from using PPC's phone number, email address, website, branding, equipment, vehicles, or any other PPC assets or identifiers;

(6) Permanently enjoining Defendants from accessing, attempting to access, or otherwise exercising any control over any PPC accounts of any kind, including but not limited to: (i) all financial accounts, banking platforms, credit or debit accounts, merchant-processing systems, and payment-collection channels; (ii) all electronic or digital accounts, including email accounts, cloud-storage accounts, website administration portals, domain-registration accounts, social-media accounts, and software-as-a-service platforms; (iii) all operational systems, including scheduling software, customer-management systems, invoicing systems, and vendor-management portals; and (iv) all passwords, credentials, authentication keys, security tokens, or administrative rights associated with any PPC account or system, and ordering Defendants to immediately surrender to Plaintiff Tecza all such passwords, credentials, authentication keys, and administrative access rights;

(7) Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

419750
,14018.2

(8) Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(9) Directing Defendant Jason Kehren to comply with and otherwise perform his obligations to PPC under the Agreement;

(10) Declaring, pursuant to Section 7(f) of the Operating Agreement, that Defendant Jason Kehren forfeited any and all rights to receive payment, redemption, or value for his Membership Interest in PPC upon his dissociation, and that he holds no continuing ownership, financial, or governance rights in PPC;

(11) Directing Defendant Jason Kehren to immediately return and deliver to PPC any and all confidential information and trade secrets of PPC currently in the possession, custody or control of Defendant Jason Kehren;

(12) Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(13) Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from:

419750
,14018.2

69

(a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(14) Order all Defendants to send corrective notices to all customers and prospective customers contacted using the infringing marks, in form approved by the Court, clearly stating: (i) Defendants are not affiliated with, authorized by, sponsored by, or connected to Plaintiff; (ii) any prior representations suggesting affiliation were false and unauthorized; (iii) correct contact information for Plaintiff;

(15) Order all Defendants to file detailed accounting of all persons/entities contacted using infringing marks;

(16) Declare that Defendants' conduct constitutes willful violations of Section 43(a) of the Lanham Act;

(17) Award Plaintiff compensatory damages for all losses caused by Defendants' violations including lost profits, lost sales, diminished goodwill, and corrective advertising costs;

(18) Award Plaintiff all of Defendants' profits attributable to the violations pursuant to 15 U.S.C. § 1117(a), jointly and severally against all Defendants;

(19) Award Plaintiff treble damages pursuant to 15 U.S.C. § 1117(a) based on Defendants' willful violations;

419750
,14018.2

(20) Award Plaintiff reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) as this is an exceptional case; and

(21) Granting such other and further equitable relief as is necessary to prevent further diminution in the value of PPC, protect PPC's intellectual property, goodwill, and customer relationships, and enforce the restrictive covenants set forth in the Agreement.

## COUNT XIII

### VIOLATION OF FEDERAL DEFEND TRADE SECRETS ACT, 18 U.S.C. §1831 *et seq.*

*Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC,*
*v. Jason Kehren, Zachery Kehren and Premier Pest Control Solutions, LLC.*

231.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 230 of this Complaint as if the same were set forth more fully at length herein.

232.    The Federal Defend Trade Secrets Act, 18 U.S.C. §1831 *et seq.*, prohibits or makes it illegal to knowingly or intentionally convert a trade secret or to engage in any of the following acts with respect to confidential information that is related to a product or service used in or intended for use in interstate or foreign commerce with the intent and/or intending or knowing that the offense will, injure any owner of that trade secret or provide an economic benefit of anyone other than the owner thereof:

      a.  To steal, or without authorization appropriate, take, carry away, or conceal, or by fraud, artifice, or deception obtain such information;

419750
,14018.2

b. To, without authorization copy, duplicate, sketch, draw, photograph, download, upload, alter, destroy, photocopy, replicate, transmit, deliver, send, mail, communicate, or convey such information;

c. To receive, buy, or possess such information, knowing the same to have been stolen or appropriated, obtained, or converted without authorization;

d. Conspire with one or more other persons to commit any offense described in subparts a. through c., and one or more of such persons do any act to effect the object of the conspiracy[.]

(*See* 18 U.S.C.A. § 1832).

233.   Under the Federal Defend Trade Secrets Act,  a "trade secret" is defined as follows:

[T]he term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if--

(A)   the owner thereof has taken reasonable measures to keep such information secret; and

(B)   the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]

419750
,14018.2

18 U.S.C. §1839(3).

234.    Under the Federal Defend Trade Secrets Act, "Misappropriation" is defined as follows:

> [T]he term "misappropriation" means--
>
> (A)    acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (B)    disclosure or use of a trade secret of another without express or implied consent by a person who—
>
>     (i)    used improper means to acquire knowledge of the trade secret;
>
>     (ii)    at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was--
>
>         (I)    derived from or through a person who had used improper means to acquire the trade secret;
>
>         (II)    acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or
>
>         (III)    derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or

>        (iii) before a material change of the position of the
>              person, knew or had reason to know that—
>
>            (I)    the trade secret was a trade secret; and
>
>            (II)   knowledge of the trade secret had been
>                   acquired by accident or mistake;

18 U.S.C. §1839(5).

235.    During the course of Defendant Jason Kehren's and Defendant Zachery Kehren's employment by PPC, they obtained access to and is currently in the possession of certain confidential and proprietary information constituting "trade secrets" as defined by the  Federal Defend Trade Secrets Act, 18 U.S.C. §1839(3), including, but not limited to, the following: (a) client lists; (b) client contact information; (c) vendor and supplier contact information; (d) customer lists and information; (e) prospective customer lists and information; (f) PPC's sales and marketing plans and efforts; (g) sales methods and tactics of PPC; (h) pricing information of PPC and its suppliers; (i) PPC's cost structure, including costs of services provided, overhead costs and discount and rebate programs with vendors; (j) prior and pending proposals and bids; (k) technical and specification information and other records relating to PPC's services and its supplier's products;  (l) planning data; (m) financial information and business systems data, compilations of information; and (n) other technical, financial and business information of PPC of a confidential and proprietary character.

236.    The trade secrets that were disclosed or made available to Defendant Jason Kehren and Defendant Zachery Kehren by PPC during the course of their employment by PPC as identified in the Paragraph 235 were kept sufficiently secret and PPC derived economic value from that

419750
,14018.2

information not being generally known to other persons or entities who can obtain economic value from its disclosure or use.

237.    The trade secrets that were disclosed or made available to Defendant Jason Kehren and Defendant Zachery Kehren by PPC during the course of his employment by PPC as identified in the Paragraph 235 were the subject of efforts by PPC that were reasonable under the circumstances to maintain its secrecy or confidentiality and PPC required members, including Defendant Jason Kehren, to expressly agree, for a period of two years immediately following the termination of the Agreement, not disclose to that confidential information or any other proprietary information relating to the practice, operations or business of PPC to any person, firm or corporation.

238.    Defendant Jason Kehren and Defendant Zachery Kehren violated and continues to violate the Federal Trade Secrets Act, 18 U.S.C. 1831 *et seq.*, by using PPC's trade secrets, without the consent of Plaintiff Tecza or PPC, in the course of establishing a direct competitor of PPC (*i.e.*, PPCS) where he will be engaging in or contributing his knowledge of PPC's trade secrets in competition with PPC in PPC's business territory and/or soliciting business from current, former and potential future customers of PPC on PPCS's behalf.

239.    Upon information and belief, Defendant Jason Kehren has violated and continues to violate the Federal Trade Secrets Act, 18 U.S.C. 1831 *et seq.*, by disclosing or sharing Plaintiff's trade secrets to Defendant Zachery Kehren and Defendant PPCS, although Defendants have full knowledge that the possession of such information gives rise to a duty to maintain its secrecy or limit its use.

419750
,14018.2

240.    Defendants' use, current possession of, and refusal to return, PPC's trade secrets is being done without Plaintiff Tecza's or PPC's authorization or permission and therefore constitutes a violation of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq.*

241.    As a direct and proximate result of Defendant Jason Kehren's unauthorized disclosure and misappropriation of PPC's trade secrets and Defendant Zachery Kehren's and Defendant PPCS's unauthorized use of that misappropriated information, Plaintiff Tecza and PPC have suffered, and will continue to suffer, damages in the form of lost income, profits, and business opportunities.

242.    As a result of the above, Plaintiff Tecza and PPC have no adequate remedy at law and has suffered and will continue to suffer an imminent risk of further irreparable harm.

243.    Plaintiff is entitled to obtain injunctive relief to prohibit Defendants' continued use and disclosure of PPC's trade secrets and recover actual damages based on Defendant Jason Kehren's misappropriation and disclosure of its trade secrets and Defendants' unauthorized use of that misappropriated information.

244.    Defendants' misappropriation, disclosure and unauthorized use of PPC's trade secrets is and has been willful and malicious and was done with the intent to injure PPC, so that an award of exemplary damages is appropriate.

245.    Plaintiff is entitled to an award of exemplary damages under the Federal Trade Secrets Act, 18 U.S.C. § 1836, because Defendants' misappropriation, disclosure and unauthorized use of PPC's trade secrets was and is willful and malicious.

246.    Plaintiff is entitled to an award of reasonable attorney's fees under the Federal Trade Secrets Act, 18 U.S.C. § 1836, because Defendants' misappropriation, disclosure and unauthorized use of Plaintiff's trade secrets was and is willful and malicious.

419750
,14018.2

WHEREFORE, Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC, respectfully requests that this Honorable Court issue an appropriate Order in its favor and against Defendants, Jason Kehren, Zachery Kehren and Premier Pest Control Solutions, LLC, providing the following relief:

(1) Enjoining Defendant Jason Kehren, for a period of two (2) years from the date of the Court's Order, from: (i) continuing to operate or work with Premier Pest Control Solutions, LLC; (ii) accepting or seeking employment with any competitor of PPC, including PPCS; (iii) using any confidential or proprietary information acquired from PPC or imparted to him during the course of his membership or employment with PPC; and (iv) disclosing any such confidential or proprietary information to any person, including but not limited to Defendant Zachery Kehren, Premier Pest Control Solutions, LLC, any competitor of PPC, or the general public;

(2) Enjoining Defendants, for a period of two (2) years from the date of the Court's Order, from contacting, soliciting, or servicing any current or former PPC customers;

(3) Permanently enjoining Defendants from using, accessing, retaining, or possessing any PPC books, records, customer lists, pricing information, operational data, or other confidential or proprietary materials, and ordering the immediate turnover of all such materials to Plaintiff Tecza;

419750
,14018.2

(4) Permanently enjoining Defendants from representing, directly or indirectly, that PPC is dissolving, has ceased operations, or has transferred its business, customers, or goodwill to PPCS;

(5) Permanently enjoining Defendants from using PPC's phone number, email address, website, branding, equipment, vehicles, or any other PPC assets or identifiers;

(6) Permanently enjoining Defendants from accessing, attempting to access, or otherwise exercising any control over any PPC accounts of any kind, including but not limited to: (i) all financial accounts, banking platforms, credit or debit accounts, merchant-processing systems, and payment-collection channels; (ii) all electronic or digital accounts, including email accounts, cloud-storage accounts, website administration portals, domain-registration accounts, social-media accounts, and software-as-a-service platforms; (iii) all operational systems, including scheduling software, customer-management systems, invoicing systems, and vendor-management portals; and (iv) all passwords, credentials, authentication keys, security tokens, or administrative rights associated with any PPC account or system, and ordering Defendants to immediately surrender to Plaintiff Tecza all such passwords, credentials, authentication keys, and administrative access rights;

(7) Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or

efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(8) Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(9) Directing Defendant Jason Kehren to comply with and otherwise perform his obligations to PPC under the Agreement;

(10) Declaring, pursuant to Section 7(f) of the Operating Agreement, that Defendant Jason Kehren forfeited any and all rights to receive payment, redemption, or value for his Membership Interest in PPC upon his dissociation, and that he holds no continuing ownership, financial, or governance rights in PPC;

(11) Directing Defendant Jason Kehren to immediately return and deliver to PPC any and all confidential information and trade secrets of PPC currently in the possession, custody or control of Defendant Jason Kehren;

(12) Requiring PPCS to provide to PPC an accounting of all payments and other income that it received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(13) Imposing a constructive trust on any and all payments and/or other income that PPCS and Defendant Jason Kehren received, or may receive in the future, from: (a) the work or efforts of Defendant Jason Kehren; and (b) any source by using confidential information or trade secrets of PPC;

(14) Awarding actual monetary damages in an amount in excess of $25,000.00 to Premier Pest Control, LLC for any actual losses suffered by Premier Pest Control, LLC as a result of Defendants' improper misappropriation of trade secrets;

(15) Awarding damages to Premier Pest Control, LLC for any unjust enrichment that Defendants received as a result of Defendants' improper misappropriation of trade secrets that was not compensated for or accounted for in the monetary damages awarded to Premier Pest Control, LLC for actual losses;

(16) Awarding exemplary damages under 18 U. S.C. §1836(b)(3)(C) against Defendants in an amount equal to twice the amount of Premier Pest Control, LLC's actual monetary damages; and

(17) Granting such other and further equitable relief as is necessary to prevent further diminution in the value of PPC, protect PPC's intellectual property, goodwill, and customer relationships, and enforce the restrictive covenants set forth in the Agreement.

Respectfully submitted,

**MBM LAW, LLP.**

*/s/ Brian D. Catanzarite*
Brian D. Catanzarite, Esquire

419750
,14018.2

Steven P. Engel, Esquire
Jason J. Kelley, Esquire
Southside Works
424 South 27th Street, Suite #210
Pittsburgh, PA  15203
(412) 242-4400

*Attorneys for Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC.*

419750
,14018.2

## VERIFICATION

I, Bruce Tecza, individually and on behalf of Premier Pest Control, LLC, hereby certify that the statements in the within <u>Complaint in Civil Action</u> are true and correct to the best of my knowledge, information and belief. This statement and verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false statements, I may be subject to criminal penalties.

January 21 , 2026

_____
Bruce Tecza, Member

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of January, 2026, a true and correct copy of the foregoing Complaint in Civil Action was served electronically and by United States first-class mail, postage prepaid, upon Defendants addressed as follows:

Christine M. Selden, Esq.
302 Blackheath Dr.
Pittsburgh, PA 15205
cseldenlaw@aol.com
*Counsel for Jason Kehren, Zachery Kehren and Premier Pest Control Solutions, LLC.*

Respectfully submitted,

**MBM Law, LLP.**

*/s/ Brian D. Catanzarite*
Brian D. Catanzarite, Esquire
Steven P. Engel, Esquire
Jason J. Kelley, Esquire
Southside Works
424 South 27th Street, Suite #210
Pittsburgh, PA  15203
(412) 242-4400
*Attorneys for Plaintiff, Bruce Tecza, individually and derivatively on behalf of Premier Pest Control, LLC*

419750
,14018.2